55 CCPA

**Application of Hans Christian ANDERSEN.**

**Patent Appeal No. 7940.**

United States Court of Customs and Patent Appeals.

April 11, 1968.

Richard E. Babcock, Jr., Watson, Cole, Grindle & Watson, Washington, D. C., for appellant.

Joseph Schimmel, Washington, D. C., (Raymond E. Martin, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND and KIRK-PATRICK,* Judges.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals affirming the rejection of the sole remaining claim of appellant's application entitled "Treatment of Textile Goods Made From Synthetic Yarn Material,[1] as unpatentable over the prior art under 35. U.S.C. § 103. All other claims were either canceled or withdrawn under Rule 142(b).

As disclosed in the specification, the claimed invention relates to a process of treating textile articles such as nylon stockings to improve their heat insulating and moisture absorbing qualities and to reduce their hard touch and glossy appearance. It is known from prior art to pursue these objectives by subjecting the materials to treatment in a chemical shrinking bath and subsequent rinsing baths. The specification states that as a result of this known process:

> * * * the strands are spread apart between intersecting or linking points of the textile pattern whereby a great number of small cavities are formed between the individual strands which cavities will give the thread as a whole somewhat more fluffy contours whereby the fabric becomes more voluminous and less glossy, and will also contribute towards increasing the heat insulating and moisture adsorbing or absorbing properties.

It is asserted that to accomplish the desired result of spreading the strands apart at their intersections rather than to achieve merely a uniform shrinking of the filaments without such spreading, "it has been found necessary to operate at very short and well defined times of treatment in the shrinking bath." In the prior art, it was attempted to control the immersion time "by conveying the goods through the bath between two synchronously travelling belt conveyors." However, this resulted in nonuniform and stained portions of the stockings. This undesired result, it is stated, arises because it is not possible "to obtain a uniform penetration of the liquid * * into all surface portions of a textile article." This difficulty is accentuated at such places where the article forms folds or plies, thus tending toward nonuniform shrinking so that the article may be unfavorably warped. It appears that the problem confronting appellant was that of nonuniform shrinking and staining, allegedly caused by partial shielding and/or restraint from shrinking of some areas of the article.

To obviate the problem and its cause, the specification states that the goods:

> * * * are conveyed through the baths in a continuous path in a freely suspended state. By keeping the goods freely suspended while pulling them through the shrinking bath it has been found possible to obtain a much more uniform penetration of the shrinking liquid into all portions of the article, than when the article is held, even relatively loosely, between two belt conveyors. Moreover, the freely suspended article will not form sharp folds or plies preventing the free penetration of shrinking liquid into the zones concerned. Finally, the article is free to shrink throughout the whole of its area, thus eliminating the risk of non-uniformity that may arise if in some places the article is incapable of moving relative to the conveying means or can only move to an insufficient extent.

Claim 28 reads as follows:

> 28. In a method for the treatment of elongated textile articles as stockings made from synthetic material to make them softer, less glossy and more voluminous, said method including the submersion of the stockings in a liquid chemical shrinking bath in not more than 15 seconds, the improvement comprising the steps of at-

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Serial No. 98,041 filed March 24, 1961.

taching said stockings at one end only thereof to a conveying means and conveying the stockings into said bath with progressive immersion, starting with said one end, of said stockings, and conveying said stockings through said shrinking bath in a completely freely suspended state trailing through the liquid entirely out of contact with said conveying means, except at said point of attachment, in a continuous path, and then conveying said stock-ings out of said bath by progressive emergence, starting with said same one end, of said stockings in the bath, whereby all portions of the stockings are exposed to the liquid and receive substantially equal treatment for substantially equal time intervals in the bath and the stockings are permitted free shrinkage.

Illustrative of the method of the claimed invention, the application drawings are set out below:

Fig.1

Fig.2

Fig.3    Fig.4

Elements 1, 2 and 3 are vessels containing liquid solution. Endless conveyor chains 4 and 5 extend along opposite sides of the vessels in a path which dips into and rises from each vessel with return run below the bottoms of the vessels. At suitable intervals transverse bars 7 provided with hooks 8 for attachment of article 9 to be treated, are mounted between the chains. Rollers 12 serve as support for the articles upon completion of the treatment to facilitate removal of same from hooks 8 of transverse bars 7. Roller 13 is driven synchronously with chains 4 and 5. Rollers 6 serve to insure complete sub-

mersion of the articles during transportation into and out of the several solutions contained in vessels 1, 2 and 3.

The examiner relied on the following references:

| Loosli | 3,084,020 | April 2, 1963 |
| Weise (Denmark) | 49,355 | September 25, 1934 |
| Callebaut et al. (Callebaut) (France) | 725,236 | February 11, 1932 |
| Holliday (Britain) | 3,584 | November 4, 1873 |

---

Loosli, with three specific examples, discloses a method of treating synthetic fibers or fabrics made therefrom by immersion within a shrinking bath "which contains chemical additions for loosening and curling the texture of individual fibers and which is also subjected to ultrasonic oscillations." In the first example, it is stated: "A number of hose * * * are pulled sequentially through three baths, one behind the other," and "[t]he hose are successively drawn or conveyed from one bath to the other, the processing treatment in the first bath being no longer than fifteen seconds." In example 2, the patent states: "The material to be processed is passed on an endless belt through three different baths." In the third example, it is stated that the nylon web "is conveyed through three baths by means of an endless belt as in Example 2 * * *."

In aid of ensuing discussion, the single figure of the Loosli drawing is reproduced:

Holliday describes certain general steps in dyeing of fabric. The patent contains no drawing. The fabric "is attached or hung at one or both of its edges * * * to points or hooks * * connected to or carried by chains, bands or straps, aided by guides * * *." The fabric may be kept suspended for drying purposes and "may be caused to traverse through the dye liquor in zigzag directions * * *."

Weise discloses an apparatus for dyeing stockings in which the material is "suspended from a grill-like support which is moved back and forth and up and down in the dye bath." The stockings hang freely from rods attached to the frame or support. Manual downward movement of the support presses the stockings into the bath by the rods, "in association with a pusher element at the ends of the support by which

the stockings are held pressed against each other * * *." The stockings are suspended from the rods by toe or heel.

Callebaut teaches that stockings may be suspended from sticks carried by a reciprocating frame for movement in a vat of dye.[2]

The examiner rejected claim 28 (with other claims not before us) under 35 U.S.C. § 103 "as lacking invention over Loosli in view of Holliday, Callebaut or Weise taken separately or together * * *." He found that Loosli disclosed the same basic process as appellant, wherein the textile material is pulled by a conveyor through a chemical shrinking bath "in a continuous path with the end first going into the bath being the end first to emerge * * *," and that the sole difference between the claimed process and that of Loosli "is the manipulative manner in which appellant attaches the textile to the conveying means * * *." He noted that Callebaut and Weise refer to uniform results and that Holliday teaches that his fabric is treated "more equally," concluding that "it would be obvious to one skilled in the art to employ the manner of attachment of the secondary references in the process of Loosli."

In its affirmance, the board stated:

We find in Loosli a clear suggestion of the method of conveying material to be treated including stockings through a shrinking bath in a continuous path by progressive immersion starting at one end, and progressive emergence starting with the same end. In Weise, upon which we prefer to rely, we find means of attaching stockings at only one end thereof to a means for conveying the stockings through a liquid bath in a completely freely suspended state. In our opinion it would be obvious for one skilled in the art following the method of

Loosli to attach the stockings in the manner of Weise. * * *

The board, in conclusion, stated that for the reasons above set out, as well as those set forth by the examiner, "the claim is not patentable over the references cited."

Recurring first to the principal reference, Loosli, it is recalled that the first example discloses a process utilizing three baths for the treatment of hose which are pulled sequentially therethrough, one set of hose behind the other. The first bath serves for opening the yarn, the second for neutralizing the chemical products of the first, and the third for washing the residue out of the material. It is explicitly stated that the "hose are successively drawn or conveyed from one bath to the other" with the treatment in the first bath consuming no longer than 15 seconds, the time limitation called for in the preamble to the appealed claim. It would seem, therefore, that this process delineated in example one would clearly suggest to one skilled in the subject art, as found by the board, that the Loosli stockings should be pulled or conveyed "through the shrinking bath in a continuous path by progressive immersion starting at one end, and progressive emergence starting with the same end."

If augmentation of the above conclusion be needed, recurrence may be had to Loosli's examples 2 and 3 where the material to be processed, tricot cloth and a web of nylon, are passed or conveyed by means of an endless belt through three different baths, which would suggest that the journey in and out and through the respective baths on endless belts would necessitate that the end which first enters the bath would be the first to emerge therefrom, suggesting to one skilled in the art that the stockings of example 1 be conveyed through the baths in a similar manner.

2. It should be noted that the examiner cited and relied on the first addition of this patent dated June 12, 1933 and not on the original patent. The addition shows in Figs. 2 and 3 that stockings are freely suspended at their toe ends.

The appealed claim calls for the use of "conveying means" broadly for moving the stockings into and out of a shrinking bath. Appellant apparently does not challenge the board's broad finding in this respect. Loosli's stockings are moved of necessity by conveying means. The reference clearly teaches, as noted, that the stockings "are pulled sequentially through three baths" and are successively drawn or conveyed which signifies in our judgment a process of "progressive immersion starting at one end and progressive emergence starting at the same end." We must, therefore, agree with the examiner that the sole difference between appellant's process and that taught by Loosli is the manipulative manner by way of attaching appellant's stockings to the conveying means in order to obtain more uniform contact in a freely suspended state between the bath and the textile.

While the board preferred to rely on Weise from among the secondary references, this fact does not render the other secondary references any less available as prior art for the purposes of this appeal. In re Harza, 274 F.2d 669, 47 CCPA 771.

Weise discloses that the stockings when subjected to fluid treatment "are suspended, hanging freely" from rods by toe or heel, thus signifying to the board, in the language of the appealed claim, that they are conveyed through the bath "in a completely freely suspended state." While Loosli's drawing does not disclose a conveyor, his examples, as we have noted, require some type of conveyor which moves in a unidirectional path. We do not consider it of material moment that the movement of the Weise frame to which the rods are attached and from which the stockings are suspended move in a reciprocal or oscillatory manner. The pertinent teaching of Weise is that during fluid treatment the stockings are suspended from bars on the movable rack conveying means.

Appellant argues that a combination of the teachings of Loosli and Weise would result in an inoperative structure

in view of other elements essential to the Weise patent. This, however, ignores the relevant combined teachings of the two references. We have here a combination rejection involving structure. It is not necessary that the structure of one be substituted bodily in that of the reference with which it is combined. In re Soderquist, 326 F.2d 1016, 51 CCPA 969; In re Bent, 339 F.2d 255, 52 CCPA 850.

Holliday teaches that a fabric such as a stocking can be "conducted through a vat" while hung by one end to a single hook "capable of progressive motion in the direction desired." This disclosure suggests movement in a "continuous path" as called for in the appealed claim.

Appellant points out that there is no recognition in Loosli of the problem of maintaining the stockings free of contact with the conveyors, or each other. However, it seems clear that Holliday does recognize this problem since the fabric may move through the liquid from *near* one side of the vat to *near* the opposite side "without one part of its surface necessarily coming in contact with the other." In view of the teaching of Loosli, it is wholly immaterial that Holliday does not teach the so-called "first end in, first end out" treatment asserted by appellant.

The record clearly supports the finding of the examiner that Callebaut teaches fastening stockings by the toe end to a carrier and moving them through a bath so that uniform impregnation is obtained.

Appellant contends that the secondary references are nonanalogous to the claimed method. As has been seen, Loosli relates to shrinking fabrics and the secondary references relate to dyeing them. All of the references pertain to the area of textile fluid treatment as does appellant's claimed process. We perceive no lack of relevancy in applying the manipulative aspects of one type of textile fluid treatment to other types of such treatment.

Appellant contends that in combining the teachings of Loosli with those of

Weise, as well as with those of each of the other secondary references, the tribunals below have indulged in hindsight reconstruction of appellant's invention from such prior art. This argument is not persuasive. In our view, one of ordinary skill in the art who had the prior art of record before him would readily recognize that he had to attach the stockings of Loosli's example 1 to some type of conveying means. Resort to any of the means of attachment disclosed in the secondary references would not involve the use of hindsight.

We have assessed appellant's arguments and considered the cases cited but are not persuaded of error in the decision of the board holding the appealed claim unpatentable under 35 U.S.C. § 103. The decision of the board is affirmed.

Affirmed.

KIRKPATRICK, J., took no part in the decision of this case.